UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JAMES W. MATHENA, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 1:06-CV-178 (JCH) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

The matter is before the Court on Movant's 28 U.S.C. § 2241 Petition. On October 16, 2003, Movant was arrested in Bollinger County, Missouri for Second Degree Assault. (Resp., Doc. No. 3). While that charge was pending, the United States of America indicted him for being a Felon in Possession of Firearms. (1:03-cr-156 (JCH) ("Crim. Case"), Indictment, Doc. No. 1). Movant later pled guilty to the firearms charge and was sentenced to 195 months in prison on May 24, 2004. (Crim. Case, Doc. No. 23, 32). The federal sentence did not mention whether this sentence would run consecutively or concurrently with any other sentences. (Crim.Case, Doc. No.32).

On April 11, 2005, Movant received a ten year sentence in Missouri state court on his state charges. (Reply, Doc. No. 8 at p.1). The state judge ordered his sentence to run concurrently with the federal sentence. (Id.). Presently, Movant is serving his state sentence in a state jail. (Resp. at p. 2). Movant currently has a federal detainer pending that requests his return to federal custody at the conclusion of his state sentence. (Id.).

1

Movant filed his 28 U.S.C. § 2241 petition on December 1, 2006. (Doc. No. 1). In his Petition, he claims that the federal detainer must be withdraw and that this Court should have stated whether his federal sentence ran concurrently or consecutively with his state sentence. (Id. at p. 2).

There is a one year limitation period on an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). Similarly, a one year limitation period applies to motions attacking a federal sentence. 28 U.S.C. § 2255(d)(1).[1] Under both § 2244(d)(1) and § 2255(d)(1), this period runs from the later of "the date on which the judgment of conviction becomes final" or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Id. at § 2244(d)(1)(A)-(D), 2255(d)(1)(A)-(D).

Here, Plaintiff's federal judgment became final on May 24, 2004, meaning he had until May 24, 2005 to challenge his federal sentence. Similarly, state judgment became final on April 11, 2005.[2] State v. Bryant, 237 S.W3d. 603, 605 (Mo. Ct. App. 2007). Thus, he had until April 11, 2006 to file a habeas petition based on that claim. Because Movant failed to file his habeas petition until December 1, 2006, his claims are time-barred regardless of which conviction he is challenging.

Accordingly,

**IT IS HEREBY ORDERED** that Movant's 28 U.S.C. § 2241 Petition is **DISMISSED**. A separate order of dismissal will accompany this order.

Dated this  14th   day of February, 2008.

---

[1] Although Movant appears to only attack the federal sentence, the Court will address the limitations period related to both.

[2] Movant became aware of the facts underlying his claim at this time.

2

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE